IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| Mandisa Wynn, | ) | C/A No. 7:25-cv-12696-TMC-KFM |
|             Plaintiff, | ) ) ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) | |
| TransUnion Information Services, LLC, | ) ) | |
|             Defendant. | ) ) | |

Plaintiff Mandisa Wynn, proceeding *pro se* in this matter, brings this action under the Fair Credit Reporting Act ("FCRA") and alleges violations of 15 U.S.C §§ 1681e(b), 1681i(a)–(b). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit findings and recommendations to the district judge.

## I. BACKGROUND

The plaintiff filed this action in the Spartanburg County Court of Common Pleas on June 6, 2025 (doc. 1-1), and defendant TransUnion Information Services, LLC removed it to this court on September 25, 2025, based on federal question jurisdiction (doc. 1). On October 2, 2025, the defendant filed a motion to dismiss the plaintiff's complaint because the plaintiff did not plead any specific inaccuracies on her credit report (doc. 9-1 at 3–4). The next day, the court issued an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment/dismissal procedure and of the possible consequences if she failed to adequately respond to the motion (doc. 10). On October 7, 2025, the plaintiff filed a response alleging, for the first time, specific inaccuracies from her credit report (doc. 12 at 2–3).

By order filed on October 21, 2025, the plaintiff was informed that her complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted (doc. 14). In the same order, the plaintiff was told that she could attempt to cure the defects in her complaint by filing an amended complaint on or before November 4, 2025 (*id.* at 5). The plaintiff was informed that if she failed to file an amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that her claims be dismissed (*id.* at 6). The Clerk of Court mailed the order to the plaintiff at her address of record on the date it was filed (doc. 15). The plaintiff has failed to file an amended complaint within the time provided[1]; accordingly, the undersigned recommends that the instant matter be dismissed.

## II. ALLEGATIONS

The plaintiff alleges that on December 15, 2024, she discovered "inaccurate tradelines" on her credit report from the defendant – "specifically, one or more derogatory accounts that were closed, paid, or never belonged to her" (doc. 1-1 at 4, compl. ¶ 5). The plaintiff contends that she sent the defendant written notice of the inaccuracy on December 20, 2024 (*id*. at 4, ¶ 6). The plaintiff states that the defendant received this notice on December 24, 2024, but it "did not conduct a reasonable investigation[,]" "failed to forward all relevant documentation to the original furnisher[,]" and "did not remove or correct the inaccurate tradelines" (*id*. at 5, ¶¶ 7–8). She alleges that the defendant "continued to publish and furnish the inaccurate, derogatory tradelines to third parties, including prospective lenders and creditors" (*id*. at 5, ¶ 9). The plaintiff claims that the defendant did not provide her with any written notice of its investigation nor "inform her of her FCRA rights under 15 U.S.C. § 1681i(a)" (*id*. at 5, ¶ 10). She alleges that she suffered the following

---

[1] On November 5, 2025, the plaintiff filed her answers to Local Civil Rule 26.01 (D.S.C.) interrogatories, as required by the undersigned's order filed October 28, 2025, and mailed to the plaintiff on that same date (doc. 18; *see also* docs. 16, 17). Accordingly, it is clear that the plaintiff still receives mail at her address of her record.

2

actual damages: "emotional distress, credit denials, loss of credit opportunities, etc." (*id*. at 5, ¶ 11). For relief, the plaintiff seeks money damages (*id*. at 5).

### III. APPLICABLE LAW AND ANALYSIS

#### A.  *Motion to Dismiss Standard*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into

the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id*. (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'" (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007))). Rule 12(d) states: "If on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### B.     FCRA Claims

As noted above, the plaintiff filed the instant action seeking damages from the defendant for violating two separate sections of the FCRA: 15 U.S.C. §§ 1681e(b) and 1681i (*see* doc. 1-1 at 5). The FCRA governs consumer credit reporting practices. 15 U.S.C. § 1601, *et seq*. The FCRA is a statutory scheme designed to regulate the consumer reporting industry and ensure fair and accurate credit reporting. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA does not impose strict liability for inaccuracies found on an individual's credit report; instead, it creates a private right of action against reporting agencies for the negligent or willful violation of any duty imposed by the FCRA. *See* 15 U.S.C. §§ 1681n (willful violations), 1681o (negligent violations); *see also Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001). To state a claim under § 1681e(b), a plaintiff must allege facts showing that the consumer report contains inaccurate information and that the reporting agency did not follow reasonable procedures

to assure maximum possible accuracy. *Green v. TransUnion*, No. 2:22-cv-01546-RMG-MHC, 2023 WL 11941017, at *3 (D.S.C. Mar. 30, 2023) (citing *Dalton*, 257 F.3d at 415), *R&R adopted by* 2023 WL 11941016 (D.S.C. Apr. 20, 2023). To state a claim under § 1681i, a plaintiff must allege facts showing that she disputed the accuracy of an item in her credit file, the defendant failed to conduct a reasonable investigation, and a reasonable investigation would have uncovered the inaccuracy. *Letren v. Trans Union, LLC*, No. 15-3361, 2017 WL 445237, at *11 (D. Md. Feb. 2, 2017) (internal citations omitted). To bring a claim "'under § 1681i, a plaintiff must make a threshold showing of inaccuracy.'" *Green*, 2023 WL 11941017, at *5 (quoting *Alston v. Equifax Info. Servs., LLC*, No. TDC-13-1230, 2016 WL 5231708, at *10 (D. Md. Sept. 21, 2016)).

Here, the plaintiff alleges that she "discovered inaccurate tradelines appearing on her TransUnion credit report – specifically, one or more derogatory accounts that were closed, paid, or never belonged to her" (doc. 1-1 at 4, ¶ 5). In her complaint, she does not plead any facts supporting this bare assertion.[2] This general and vague allegation is inadequate to show that she is entitled to relief under § 1681e(b) and "fall[s] short of giving rise to a plausible inference that she has a valid claim" that the defendant "did not follow reasonable procedures to avoid any possible inaccuracies." *Green*, 2023 WL 11941017, at *5 (citing *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 450–51 (E.D. Va. 2009), *aff'd*, 382 F. App'x 256 (4th Cir. 2010)). Further, without any facts in the complaint showing that her credit report contained inaccurate or incomplete information, the plaintiff cannot "make out a § 1681i failure to reinvestigate claim . . . ." *Denton v. JPMorgan Chase & Co.*,

---

[2] As noted, in her response to the motion to dismiss, the plaintiff alleges several specific inaccuracies on her credit report (doc. 12 at 2–3). However, these allegations cannot be considered in deciding the motion to dismiss because they are not in the plaintiff's complaint and the plaintiff failed to submit an amended pleading containing such allegations when allowed to do so. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) ("[S]tatements . . . that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." (citing *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 F. App'x 820, 825 (4th Cir. 2010))).

No. 4:19-cv-114, 2020 WL 5909153, at *12 n.22 (E.D. Va. Oct. 6, 2020). Accordingly, the plaintiff has failed to state a claim under 15 U.S.C. §§ 1681e(b), 1681i(a)–(b).

## IV. RECOMMENDATION

By order issued October 21, 2025, the undersigned gave the plaintiff an opportunity to correct the defects identified in her complaint and further warned the plaintiff that if she failed to file an amended complaint, the undersigned would recommend to the district court that the action be dismissed with prejudice and without leave for further amendment (doc. 14 at 5–6). The plaintiff failed to file an amended complaint within the time provided. Accordingly, in addition to the reasons discussed herein, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, the undersigned recommends that the district court dismiss this action with prejudice. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (directing the district court on remand, after the district court had already provided the plaintiff an opportunity to amend, to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order" (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015))).

IT IS SO RECOMMENDED.

s/Kevin F. McDonald  
United States Magistrate Judge

November 12, 2025  
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).