## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

Mandisa Wynn,                                      )
                                                   )
              Plaintiff,                           )
                                                   )          Civil Action No. 7:25-cv-12696-TMC
       v.                                          )
                                                   )                    **ORDER**
TransUnion information Services, LLC,              )
                                                   )
              Defendant.                           )
_____           )

*Pro se* Plaintiff Mandisa Wynn filed this action in state court alleging Defendant violated certain provisions of the Fair Credit Reporting Act ("FCRA"), 5 U.S.C §§ 1681e(b), 1681i(a)–(b). (ECF No. 1-1).  Defendant removed the action to federal court, (ECF No. 1), and, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d)(e) (D.S.C.), the action was automatically referred to a magistrate judge for all pretrial proceedings.

On October 2, 2025, Defendant filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9).  The court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and of the possible consequences if she failed to adequately respond to the motion.  (ECF No. 10).  On October 7, 2025, Plaintiff filed a response alleging, for the first time, specific inaccuracies from her credit report. (ECF No. 12).  Finally, on October 21, 2025, the magistrate judge issued an order informing Plaintiff that her complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted. (ECF No. 14).  Plaintiff was advised that she could attempt to cure the defects in her complaint *by filing an amended complaint* on or before November 4, 2025.  Plaintiff was warned that if she

failed to file an amended complaint or cure the deficiencies outlined in the order, the magistrate judge would recommend that her claims be dismissed. Nevertheless, Plaintiff has not filed an amended complaint.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 20), recommending that the court dismiss this action with prejudice for failure to state a claim and also for failure to prosecute under Rule 41(b). The Report was mailed to Plaintiff at the address of record she provided the court. (ECF No. 21). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received it. Plaintiff was advised of her right to file specific objections to the Report within 14 days of service, (ECF No. 20 at 7), but failed to do so, and time has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 20), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED with prejudice** for the reasons detailed by the magistrate judge in the Report. The motion to dismiss (ECF No. 9) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 10, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.